

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01535-WYD-MJW

PAUL J. MORRISON, an individual,

PLAINTIFF,

v.

MACDERMID, INC., a Colorado corporation;
DONALD G. OGILVY, individually, and in his official capacity as Member of the Board of Directors and Chairman of the Audit Committee,

DEFENDANTS.

## [DEFENDANTS' PROPOSED] PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a Protective Order concerning certain information and documents provided during the course of this litigation, which the parties claim constitute sensitive and confidential information according to current law, the dissemination of which will improperly annoy, embarrass, or oppress the parties, witnesses, or persons providing discovery in this case, it is ORDERED as follows:

1. Any documents produced or exchanged by any of the parties to this action, or any of their attorneys, and any information contained in responses to interrogatories or in any other discovery, including but not limited to deposition testimony and deposition exhibits, which a party in good faith believes contain confidential proprietary information, trade secrets, or confidential personnel or medical information, may be designated as confidential, and all documents and information so

\\DE - 23804/0001 - 227408 v2

designated and all copies thereof (hereinafter referred to collectively as "the Confidential Information"), shall be treated as confidential and shall not be disclosed except as provided in paragraph 4 of this Order; PROVIDED, however, that counsel for the party designating information as confidential may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order.

2. Documents shall be designated as confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "Confidential." Deposition testimony may be designated as confidential either orally on the record at the deposition or in writing after the completion of the deposition, provided that written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

3. Any party wishing to challenge the designation of any document or information as confidential by the other party may object to the designation by giving written notice to the party making such designation. The written notice shall identify the document or information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party challenging the confidentiality of the information to file an appropriate motion [consistent with D.C.COLO.LCivR 7.2 and 7.3] requesting that the Court determine whether the disputed document or information should be treated as confidential under this Protective Order no later than fifteen (15) business days after receiving notice of the objection. The disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion.

4. Neither the Confidential Information nor its contents shall be disclosed to any other person without the written agreement of the party designating

2

information as confidential, except that counsel may, without further agreement, disclose the Confidential Information or its contents to the following persons for use solely in connection with this action under the following conditions:

    (a)    attorneys and legal assistants, whether employees or independent contractors, and to any employee of counsel's firms who shall handle the Confidential Information under normal office procedure;

    (b)    any person the attorneys in good faith believe will or may be requested or required to testify as a witness at deposition or trial ("Potential Witness"), provided that such Potential Witnesses shall be shown only Confidential Information that relates to issues of which counsel reasonably believes the Potential Witness has some prior knowledge, and only such Confidential Information as counsel deems reasonably necessary to allow for the full and fair exploration and presentation of information possessed by the Potential Witness;

    (c)    experts or consultants retained by the parties with respect to this action;

    (d)    the parties;

    (e)    any court reporters present in their official capacity at any hearing, deposition or other proceeding in this action; and

    (f)    the Court and its employees.

5.    Prior to disclosing any Confidential Information to any person to whom disclosure is permitted (other than counsel, persons employed by counsel, Court personnel, and court reporters), counsel shall provide to such person a copy of the Protective Order and obtain from such person a written acknowledgment stating that he or she has read the Protective Order and agrees to be bound by its provisions.

6.  Confidential Information shall not be used for any purpose unrelated to this action.

7.  The parties shall destroy or return all Confidential Information to the party who designated it as such within thirty (30) days after the final resolution of this action. Any party destroying Confidential Information pursuant to this Order shall give written notice of such destruction to all parties.

8.  The provisions of this Order shall not limit the parties' ability to make use of otherwise admissible Confidential Information at any stage of this litigation as necessary, provided reasonable precautions are taken to preserve the confidentiality thereof.

9.  The confidentiality provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order until Termination of This case. [MJW 11/6/07]

10. Any party may at any time and for any reason seek modification of this Protective Order. This Protective Order can be modified only by written agreement of the parties or by order of this Court. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

DONE this 6TH day of November, 2007

_____
United States Magistrate Judge
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

4

\\DE - 23804/0001 - 227408 v2