IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Michael J. Watanabe

Civil Action No. 07-cv-01535-WYD-MJW

PAUL J. MORRISON, an individual,

Plaintiff(s),

v.

MACDERMID, INC, a Colorado corporation, et al.,

Defendant(s).

---

**ORDER REGARDING
DISCLOSURE OF THE UNREDACTED JONES DAY REPORT THAT WAS
REQUESTED IN PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' JONES DAY
REPORT FOR *IN CAMERA* REVIEW (DOCKET NO. 41)**

---

This matter is before the court for, *in camera*, review of the "Jones Day Report" that has been submitted to this court by Defendants per this court's Order Granting Plaintiff's Motion to Compel, *In Camera*, Review of Defendants' Jones Day Report (docket no. 47). The court has reviewed and compared, *in camera*, the Jones Day Report in both its redacted and unredacted form. In addition, the court has taken judicial notice for the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law and order.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the State and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard on the subject motion (docket no. 41);

4. That in this case, Plaintiff claims that he was fired in retaliation for complaining about two distinct alleged corporate misdeeds: (1) MacDermid's senior vice president of finance allegedly lied about his prior knowledge of the company's failure to properly account for certain goodwill assets; and (2) a member of MacDermid's Board of Directors allegedly engaged in insider trading. *See* Verified Complaint paragraphs 43 and 49;

5. That Defendants have provided to Plaintiff the redacted version of the Jones Day Report;

6. That Defendants have waived any right to assert the attorney-client privilege as to the Jones Day Report but, pursuant to Fed. R. Civ. P. 26(b)(1), Defendants have redacted certain portions of such report that contained background facts and other information not relevant to any disputed issues raised in the Plaintiff's Verified Complaint. *See* page 2, paragraph 3 in Defendant's Response to Plaintiff's Motion to Compel Defendants' Jones Day Report for, *In Camera*, Review (docket no. 44);

7. Defendants' argue that such redacted portions of the Jones Day Report are not relevant to the issues raised in the Plaintiff's Verified Complaint and therefore no privilege log is necessary because no privilege claim is being asserted by Defendants. *See* page 3,

paragraph 5 in Defendants' Response to Plaintiff's Motion to Compel Defendants' Jones Day Report for, *In Camera*, Review (docket no. 44);

8. That after carefully reviewing all of the redacted portions of the Jones Day Report, I find that such redacted portions are not relevant under Fed. R. Evid. 401, to the issues raised in Plaintiff's Verified Complaint and therefore Plaintiff is not entitled to those redacted portions of the Jones Day Report.

## ORDER

**WHEREFORE,** based upon these findings of fact and conclusions of law this court **ORDERS:**

1. That the portion of Plaintiff's Motion to Compel Defendants' Jones Day Report for *In Camera* Review (Docket no 41) **that seeks disclosure of the unredacted Jones Day Report** is **DENIED**;

2. That each party shall pay their own attorney fees and costs for this motion;

3. That the redacted and the unredacted versions of the Jones Day Report, that were submitted for, *in camera*, review shall be sealed and not opened except by further Order of Court.

Done and Signed this 16th day of May, 2008.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE