IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01535-WYD-MJW

PAUL J. MORRISON, an individual,

Plaintiff,

v.

MACDERMID, INC, a Colorado corporation, et al.,

Defendants.

---

**ORDER REGARDING
DEFENDANTS' MOTION FOR PROTECTIVE ORDER
(DOCKET NO. 58)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on Defendants' Motion for Protective Order (docket no. 58). The court has reviewed the subject motion (docket no. 58) and the response (docket no. 61) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court has also reviewed *in camera* those documents in response to Plaintiff's subpoena duces tecum served upon the nonparty KPMG, LLP, which was Defendants' former external auditor, both in redacted and unreadacted form that were submitted to this court per this court's minute order (docket no. 62). The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Plaintiff's complaint alleges a claim for illegal retaliation under section 806 of

SOX, 18 U.S.C.A. § 1514, et seq. Plaintiff contends that he engaged in protected activities under the provisions of the Act, with a reasonable basis for so doing, and was subsequently terminated by the members of the Defendants' internal audit committee as a direct result of engaging in the protected conduct. In his complaint Plaintiff also alleges a claim for wrongful discharge in violation of public policy. Plaintiff contends that the Defendants prohibited him from notifying the SEC of the improper accounting of goodwill and of potential insider trading activities by terminating Plaintiff's employment.

Defendants admit that Defendant, MacDermid, Inc., discharged Plaintiff from his position as Defendant MacDermid's controller but deny that this discharge was in any way wrongful or illegal. Specifically, Defendants deny that Plaintiff's termination violated section 806 of the Corporate and Criminal Fraud Accountability Act of 2002 or constituted a wrongful discharge in violation of public policy. Rather, Defendants argue that Plaintiff was discharged for insubordination.

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, descriptions, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained

where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004). Furthermore, Rule 26(c) provides that for "good cause" shown the court may enter an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense.

The party seeking the protective order, which in this case is the Defendants, has the burden of persuasion. Nestle Foods Corp. v. Aetna Cas. & Surety Co., 129 F.R.D. 483, 484 (D.N.J. 1990).

Here, nonparty KPMG, LLC, has not raised any issue as to any valid legal privilege as it relates to the documents requested in the subpoena duces tecum that was served upon KPMG, LLC, by Plaintiff. Moreover, nonparty KPMG, LLC, has not joined in the subject motion (docket no. 58). The sole argument raised by Defendants in the subject motion (docket no. 58) is that the redacted portions of those documents in response to Plaintiff's subpoena duces tecum served upon the nonparty KPMG, LLP, which was Defendants' former external auditor, are not relevant in this case. Here, the court finds that the redacted portions of those documents in response to Plaintiff's subpoena duces tecum served upon the nonparty KPMG, LLP, are discoverable and relevant to the issues raised in the pleadings. Accordingly, Defendants shall provide to Plaintiff unreadacted copies of those documents in response to Plaintiff's subpoena duces tecum served upon the nonparty KPMG, LLP.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this

court **ORDERS**:

1. That Defendants' Motion for Protective Order (docket no. 58) is **DENIED**;

2. That on or before July 17, 2008, Defendants shall provide to Plaintiff unreadacted copies of those documents in response to Plaintiff's subpoena duces tecum served upon the nonparty KPMG, LLP;

3. That the redacted and unredacted documents in response to Plaintiff's subpoena duces tecum served upon the nonparty KPMG, LLP, that were filed with this court for *in camera* review shall remain sealed and not opened except by further Order of Court;

4. That use of the redacted and unredacted documents in response to Plaintiff's subpoena duces tecum served upon the nonparty KPMG, LLP, shall be limited to this litigation only and for no other purpose; and

5. That each party pay their own attorney fees and costs for this motion.

Done this 2nd day of July 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE