IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01535-CMA-MJW

PAUL J. MORRISON, an individual,

Plaintiff,

v.

MACDERMID, INC, a Colorado corporation, et al.,

Defendants.

---

**ORDER REGARDING KPMG, L.L.P.'S DOCUMENTS
(DOCKET NO. 116)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court for *in camera* review of KPMG, L.L.P., documents ("subject documents") that were submitted to this court per this court's Order (docket no. 116). The court has reviewed the subject documents, *in camera*, and the court now being fully informed makes the following findings of fact, conclusions of law, and order. It should be noted that the parties had a motions hearing before Judge Arguello on March 16, 2009. Following such hearing before Judge Arguello, the parties through their counsel met with Magistrate Judge Watanabe informally. Magistrate Judge Watanabe was given a supplemental CD. The supplemental CD contains updated subject documents for *in camera* review.

Plaintiff's Complaint alleges a claim for illegal retaliation under Section 806 of SOX, 18 U.S.C.A. § 1514, *et seq*. Plaintiff contends that he engaged in protected

activities under the provisions of the Act, with a reasonable basis for so doing, and was subsequently terminated by the members of Defendants' internal audit committee as a direct result of engaging in the protected conduct. In his Complaint, Plaintiff also alleges a claim for wrongful discharge in violation of public policy. Plaintiff contends that Defendants prohibited him from notifying the SEC of the improper accounting of goodwill and of potential insider trading activities by terminating Plaintiff's employment.

Fed. R. Civ. P. 26(b)(1) provides in pertinent part that "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." The information sought need not be admissible in court to be relevant, but need only be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Moreover, KPMG, L.L.P., bears the burden of proving why the federal discovery rules should be severely constricted in this particular instance. See Bonanno V. Quizno's Franchise Co., — F.R.D. —, 2009 WL 137211, at *1 (D. Colo. Jan. 20, 2009).

Here, the court finds that the subject documents and the supplemental CD provided to this court on March 16, 2009, are both relevant, within the scope of discovery under Fed. R. Civ. P. 26(b)(1) and are discoverable.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That hard copies of the KPMG, L.L.P., documents ("subject documents") that were submitted to this court per this court's Order (docket no. 116) and the supplemental CD provided to the court on March 16, 2009, shall be provided by the Defendants to the Plaintiff on or before March 20, 2009;

2. That Plaintiff may use the hard copies of the KPMG, L.L.P., documents ("subject documents") that were submitted to this court per this court's Order (docket no. 116) and the supplemental CD provided to the court on March 16, 2009, for the limited purpose of this litigation only and for no other purpose, and within 10 days after termination of this case, Plaintiff shall return all hard copies of KPMG, L.L.P., documents ("subject documents") that were submitted to this court per this court's Order (docket no. 116) and the supplemental CD provided to the court on March 16, 2009, to the Defendants;

3. That the hard copies of the KPMG, L.L.P., documents ("subject documents") that were submitted to this court per this court's Order (docket no. 116) and the supplemental CD provided to the court on March 16, 2009, are subject to the protection of the Protective Order dated November 6, 2007 (docket no. 27);

4. That the hard copies of the KPMG, L.L.P., documents ("subject documents") that were submitted to this court per this court's Order (docket no. 116) and the supplemental CD provided to the court on

4

March 16, 2009, shall be SEALED and not opened except by further Order of Court; and,

5. That each party pay their own attorneys fees and costs.

Done this 19th day of March 2009.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE